# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDRE MOORE,
> Appellant,

v.

OFFICE OF PERSONNEL
 MANAGEMENT,
> Agency.

DOCKET NUMBER
AT-844E-14-0886-I-1

DATE: June 18, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Stephen Domenic Scavuzzo, Esquire, McLean, Virginia, for the appellant.

Delores A. Saunders, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed OPM's reconsideration decision denying the appellant's application for disability retirement benefits. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant was a City Letter Carrier with the U.S. Postal Service and was removed from that position due to a non-work related disability. Initial Appeal File (IAF), Tab 13, Initial Decision (ID) at 2. He filed this appeal of OPM's reconsideration decision denying his application for disability retirement benefits under the Federal Employees' Retirement System (FERS). IAF, Tab 1. OPM submitted its file on the matter, IAF, Tab 4, and explained in its prehearing submission that although the appellant had the requisite 18 months of creditable service, he had not met the other requirements to demonstrate his eligibility for disability retirement, IAF, Tab 6. The appellant withdrew his hearing request and the administrative judge issued an order setting the close of the record. IAF, Tabs 7-8. In his prehearing conference summary, the administrative judge set forth the burdens and elements the appellant must establish to demonstrate by preponderant evidence that he is entitled to a disability retirement annuity. IAF, Tab 9.

¶3 To be eligible for a disability retirement annuity under FERS, an employee must have completed at least 18 months of creditable civilian service, must be

unable, because of disease or injury, to render useful and efficient service in his position, and must not have declined a reasonable offer of reassignment to a vacant position in the agency at the same or greater grade or pay level in his commuting area in which he is able to render useful and efficient service. 5 U.S.C. § 8451(a); *see* 5 C.F.R. § 844.103(a). OPM's implementing regulations further require that the disabling medical condition be expected to continue for at least 1 year from the date the application is filed and that accommodation of the condition in the appellant's position be unreasonable. 5 C.F.R. § 844.103(a)(3), (4).

¶4      After considering the parties' respective close of record submissions, the administrative judge reversed OPM's reconsideration decision. *See* ID. In his initial decision, the administrative judge found that the appellant established that he suffered from degenerative disc disease involving chronic radiating pain at the time of his separation in January 2013. ID at 10. Noting the consistency between the appellant's medical records both before and after his separation, the administrative judge determined that the appellant's back problems continued and, because he found no evidence to indicate that the condition was in remission or was asymptomatic in the months following his separation, he further found that the appellant's condition was expected to continue for over 1 year from the date the appellant applied for disability retirement. ID at 9-10. Following his comprehensive review of the medical evidence, the administrative judge determined that, when viewed in light of the agency's documentation reflecting the appellant's extended time in a leave without pay status, the appellant established by preponderant evidence that his "disability prevented him from being regular in attendance and thereby rendered him unable to render useful and efficient service in his position." ID at 11. Lastly, the administrative judge found no evidence to indicate that the appellant turned down any reassignment offer from his employing agency and, in light of his inability to walk his prescribed route, carry a heavy bag of mail, or drive a vehicle without

experiencing significant pain, the administrative judge found that the appellant met his burden of proving that accommodation of his condition in his position was not reasonable. ID at 12.

¶5 In its timely-filed petition for review, OPM first argues that the administrative judge erred in affording the *Bruner* presumption to the appellant in this case. Petition for Review (PFR) File, Tab 1 at 5; *see Bruner v. Office of Personnel Management*, 996 F.2d 290, 294 (Fed. Cir. 1993). Under the *Bruner* presumption, an employee's removal for physical inability to perform the essential functions of his position constitutes prima facie evidence that he is entitled to disability retirement; the burden of production then shifts to OPM to produce evidence sufficient to support a finding that the applicant is not entitled to disability retirement benefits; and, if OPM produces such evidence, the applicant then must come forward with evidence to rebut OPM's assertion that he is not entitled to benefits. *Bruner*, 996 F.2d at 294. The agency contends that the administrative judge erred in granting the presumption in the absence of either proposal or removal letters that show the appellant's removal for physical inability to perform the essential function of his position. PFR File, Tab 1 at 5. The agency also argues that, even if the *Bruner* presumption applies in this case, the administrative judge erred in failing to discuss how OPM rebutted the presumption. *Id.* The appellant responds in opposition to OPM's petition for review. PFR File, Tab 3.

¶6 Although OPM is correct that the administrative judge did not discuss exactly how it rebutted the *Bruner* presumption, the administrative judge's determination that the appellant ultimately met his evidentiary burden to demonstrate his entitlement to a disability retirement annuity obviated the need for any further discussion of *Bruner*. *See* ID at 5-12. In any event, this does not mean that the administrative judge did not consider the agency's rebuttal in his analysis. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984) (the administrative judge's failure to mention all of the evidence

of record does not mean that he did not consider it in reaching his decision), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Indeed, even though the administrative judge found the presumption applicable under the circumstances of this appeal, he also found that the appellant established his entitlement to a disability retirement annuity on the strength of his own evidence, as necessarily would be the case when OPM rebuts the *Bruner* presumption and the appellant goes on to rebut OPM's assertion that he is not entitled to benefits. We agree with the administrative judge's determinations and find that he did not err in proceeding to the ultimate question rather than engaging in a burden-shifting analysis under *Bruner*. Moreover, because the appellant carried his statutory burden of proof, *see* 5 U.S.C. § 8451(a), any possible error in this regard did not affect the outcome of the case, *e.g.*, *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶7        Next, OPM asserts that the administrative judge erred in his application of 5 C.F.R. § 844.103(a)(2), (4)-(5). PFR File, Tab 1 at 6-7. OPM argues that the appellant's medical evidence does not reflect that his condition is severe enough to warrant disability retirement and that the evidence fails to explain how he was unable to render useful and efficient service. *Id.* OPM also contends that, because the appellant failed to establish a disabling medical condition, neither accommodation nor reassignment were necessary. *Id.* In doing so, OPM essentially challenges the administrative judge's interpretation of, and the weight he afforded, the appellant's evidence in his analysis. We have considered OPM's arguments on review concerning the administrative judge's weighing of the evidence, but we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions);

*Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.